UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

**00 - 3743**

CIV - SEITZ

MAGISTRATE JUDGE
GARBER

ABC CELLULAR CORPORATION,
a Florida corporation,

    Plaintiff,

vs.

MOTOROLA, INC.,
a foreign corporation,

    Defendant.
_____/

### DEFENDANT MOTOROLA, INC.'S NOTICE OF REMOVAL

Defendant Motorola, Inc. ("Motorola"), pursuant to 28 U.S.C. §1446, 28 U.S.C. §1441, and 28 U.S.C. §1332, hereby files its Notice of Removal of this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, and states:

1. On or about September 11, 2000, Plaintiff filed a Complaint seeking money damages against Motorola in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida bearing Case No. 00-24217 (CA 18). A copy of the Complaint is attached hereto as Exhibit A.

2. On or about September 15, 2000, Motorola was served with the Complaint. A copy of the Summons is attached hereto as Exhibit B.

3. Pursuant to 28 U.S.C. §1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.



4. In the Complaint, Plaintiff alleges that it is a citizen of Florida and that Motorola is a citizen of a foreign state (Complaint, ¶¶ 3-4). Thus, this action is between citizens of different states.

5. Plaintiff's claims are based on allegedly defective equipment that Motorola sold to Plaintiff. According to Plaintiff's Complaint, this equipment is valued at $100,000 (Complaint, ¶17).

6. As a result of this equipment's alleged defects, Plaintiff claims that it is unable to use the equipment (Complaint, ¶34).

7. The Complaint seeks monetary damages not only for Plaintiff's alleged inability to use the equipment valued at $100,000, but also for the loss of revenue purportedly caused by the equipment's alleged defects (Complaint, ¶¶42, 50, and 60). The Complaint describes this revenue as lucrative (Complaint, ¶15).

8. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000.

9. Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction over this civil action because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Title 28 U.S.C. §1441(a) authorizes the removal of civil actions from state court to federal court provided that the federal district court to which the action is removed has original jurisdiction over the action.

11. Because this Court has original jurisdiction over this action, its removal is appropriate under 28 U.S.C. §1441(a).

12. A copy of this Notice of Removal has been given to Plaintiff and has been filed with the clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Motorola, Inc.
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: _____
Peter Prieto
Florida Bar No. 501492
Scott D. Ponce
Florida Bar No. 0169528

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via _hand-delivery_, on this 5th day of October 2000, to Allan A. Joseph, Esq., 1428 Brickell Avenue, Penthouse, Miami, Florida 33131.

By: _____

MIA1 #977013 v1

ATTACHMENT / EXHIBIT X

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ABC CELLULAR CORPORATION,

    Plaintiff,

vs.

MOTOROLA, INC.,

    Defendant.

_____/

General Jurisdiction Division
Case No.: 00-24217 CA13

Florida Bar No.:111480

## COMPLAINT

Plaintiff ABC Cellular Corporation ("ABC"), by and through undersigned counsel, hereby sues Defendant Motorola, Inc. ("Motorola") for monetary damages, and as grounds states as follows:

### Venue and Jurisdiction

1.     ABC sues Motorola for monetary damages in excess of $15,000.

2.     ABC is a corporation organized and existing under the laws of the state of Florida, and maintains its principal place of business in Miami-Dade County, Florida.

3.     Motorola is a foreign corporation licensed to engage in business in the state of Florida. Motorola at all material times to this complaint transacted business in Miami-Dade County, Florida.

4.     Motorola transacted the business that forms the subject matter of this Complaint with ABC in Miami-Dade County, Florida.

PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-8030 · FAX (305) 374-5033

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

## Common Facts

5. ABC is in the business of, among other things, selling pagers to its customers. In that context, ABC also provided the ancillary pager services required to operate the pagers, including the transmission of the pager messages to its customers.

6. ABC purchased its pagers from Motorola, who markets itself as the leader in pager industry.

7. - In addition to and separate from the actual pagers, ABC purchased the system used to transmit messages to its customers' pager from Motorola in 1993.

8. The Motorola system allowed ABC to independently support its customers as opposed to outsourcing the services. ABC boasted of this fact to its customers, and used this as a major marketing tool to sell its products.

9. The technology of the pager market was rapidly developing. By 1996, many providers offered both numeric messages, meaning that the customer received messages in the form of numbers, and alphanumeric messages, meaning that both typed numbers and letters could be transmitted to the pagers.

10. For ABC to remain competitive in the pager provider market, it had to offer its customers the choice of either receiving numeric messages or alphanumeric messages.

11. In 1996, ABC sought to purchase alpha transcription stations which would service the pager needs of its customers.

12. Motorola, along with other vendors, made proposals to sell alpha transcription stations to ABC, and ABC ultimately chose to purchase Motorola system.

2

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

13. In June 1996, ABC purchased two alpha transcription stations from Motorola which allowed ABC to offer to its customers the choice of having alpha transcription service, meaning that it could transmit alphanumeric messages, or the less expensive alternative of simply receiving only numeric messages.

14. Motorola at all times represented that its alpha transcription stations were capable of transmitting alphanumeric messages.

15. The new alpha transcription system worked well, and ABC was enjoying great success as a result of being a direct provider of alpha transcription services to its customers. In fact, the alpha transcription service became ABC's most lucrative source of revenue.

16. Because of the increased demand, ABC decided to expand its pager system, specifically its alpha transcription station.

17. In March 1997, ABC placed a $100,000 order with Motorola to expand its pager system, which included the purchase of a new file server and an additional alpha transcription station.

18. Motorola completed the installation of the new products by May 1997.

19. Material defects in the Motorola products arose immediately after the expansion order was installed by Motorola, to which ABC immediately notified Motorola.

20. Motorola sent a technician to repair the problems, and determined that the system's processor card was too slow to administer the volume of traffic being placed through the system. The Motorola technician sent ABC a faster processor card, which was soon installed.

21. The processor card sent by Motorola to repair the problem was defective in that it

HALL, DAVID AND JOSEPH, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL. (305) 374-5030 · FAX(305) 374-6033

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

was not designed to work with the alpha transcription system installed by Motorola. As a result, the ABC alpha transcription services were shut down for a twenty-four (24) hour period before the defect was discovered.

22. On June 30, 1997, Motorola advised ABC that the alpha transcription service should be shifted to another trunk frame to cure the defect, and ABC complied with Motorola's instructions.

23. ABC (and its customers) began to suffer alpha transcription problems immediately thereafter. The main problems experienced were missed messages. Specifically, a voice message would be left, however, it would not be received on the customer's pager. At least fifty percent of ABC customers levied complaints of not receiving alpha messages via their pagers.

24. ABC reported the alpha transcription problems to Motorola, who unsuccessfully attempted to resolve the problem.

25. In January 1999, ABC hired, at its own expense, a technician recommended by Motorola to troubleshoot the alpha transcription problem. The technician actually witnessed the messages being lost, and reported that ABC pager customers were not only losing messages left by voice, but were additionally losing numeric messages. While confirming the severity of the paging transmission problems, the technician was unable to repair the problems.

26. By March 1999, ABC was losing a substantial volume of its pager customers as a direct result of the lost pager messages. ABC again hired at its own expense the Motorola-recommended technician to try again to fix the alpha transcription problems. He was once again

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

unsuccessful.

27. In April 1999, Motorola agreed to send its own technician to review and repair the system, under the condition that ABC agreed to pay the costs and expenses of its technician if it was reported that the problems were caused by ABC.

28. In May 1999, two (2) Motorola technicians came down to ABC's offices and reviewed the system and its problems. The technicians concluded that the problems were not caused by ABC, but left without repairing the system.

29. Thereafter, Motorola assigned Oscar Garcia to supervise the project of repairing the ABC system.

30. Mr. Garcia asked that ABC log pager calls manually to see if there was a trend in the errors. ABC complied, and again confirmed that its operators received calls, typed the messages into the Motorola system, sent the messages to the respective pager, but that the pager did not receive the message. ABC likewise confirmed that the location of the pager was not the problem, thus eliminating "coverage" issues.

31. From May through November 1999, ABC placed several calls to Mr. Garcia to report the results of the study, however, Mr. Garcia usually did not return calls for weeks at a time due to his busy schedule. It was obvious to ABC that Motorola was not eager to resolve ABC's problem.

32. The alpha transcription problems were never repaired, nor were they resolved.

33. By December 1999, ABC had lost approximately fifty (50%) percent of its pager customers as a direct result of the alpha transcription problems caused by the Motorola system.

5

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

34. Rather than lose its remaining customers, ABC was left with no choice but to close its alpha service department, and then outsourced its pager service to outside vendors.

35. Each and every condition precedent to bringing this action has been performed, waived or otherwise excused.

### Count I – Breach of Express Warranty (Fla. Stat. §672.313)

36. Plaintiff incorporates herein paragraphs 1 through 35 above.

37. Motorola has breached its express warranty to Plaintiff.

38. At all material times, Motorola was a merchant of the goods forming the subject matter of this lawsuit.

39. Motorola expressly affirmed that the products which it sold to ABC in March 1997 and installed in May 1997 were capable of working with the alpha transcription stations, and would properly service ABC's alphanumeric customers.

40. ABC relied upon Motorola's affirmation in making its purchase of said Motorola products in March 1997.

41. Motorola's products did not perform as represented in that the Motorola system failed to properly service ABC's alphanumeric customers, as described above.

42. As a result of Motorola's breach of warranty, ABC has suffered and will continue to suffer damages, including both incidental damages and consequential damages, including the loss of business, and loss of revenue as a result of the increased costs associated with outsourcing the provider for alphanumeric pager services.

WHEREFORE, ABC respectfully prays this Court enter judgment in its favor and against

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

Motorola, and award ABC its damages, costs of this action, and such further relief as this Court deems just and proper.

### Count II – Breach of Implied Warranty of Merchantability (Fla. Stat. §672.314)

43. Plaintiff incorporates herein paragraphs 1 through 35 above.

44. Motorola has breached its implied warranty of merchantability to Plaintiff.

45. At all material times, Motorola was a merchant of the goods forming the subject matter of this lawsuit.

46. Prior to making the sale in March 1997, Motorola impliedly warranted that its products would properly service ABC's alphanumeric customers without substantial interruption, error or omission.

47. In purchasing the Motorola products in March 1997 (which were installed by Motorola in May 1997), ABC relied upon Motorola's implied warranty of merchantability.

48. Motorola's products did not perform as represented in that the Motorola system failed to properly service ABC's alphanumeric customers, as described above.

49. The products sold to ABC by Motorola in March 1997 and installed by Motorola in May 1997 were not merchantable in that the goods:

    (a) were far below average in terms of quality;

    (b) were not fit for the purpose in which the goods were used in that the products incapable of properly servicing ABC's alphanumeric customers; and

    (c) failed to run, within the variations permitted by the parties'

7

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

course of dealing, agreement and/or industry standards, of even kind, quality and quantity within each unit and among all units involved.

50. As a result of Motorola's breach of warranty, ABC has suffered and will continue to suffer damages, including both incidental damages and consequential damages, including the loss of business, and loss of revenue as a result of the increased costs associated with outsourcing the provider-for alphanumeric pager services.

WHEREFORE, ABC respectfully prays this Court enter judgment in its favor and against Motorola, and award ABC its damages, costs of this action, and such further relief as this Court deems just and proper.

### Count III – Breach of Implied Warranty of Fitness for Particular Purpose (Fla. Stat. §672.315)

51. Plaintiff incorporates herein paragraphs 1 through 35 above.

52. Motorola has breached its implied warranty of fitness for a particular purpose to Plaintiff.

53. At all material times, Motorola was a merchant of the goods forming the subject matter of this lawsuit.

54. Motorola expressly affirmed that the products which it sold to ABC in March 1997 and installed in May 1997 were capable of working with the alpha transcription stations, and would properly service ABC's alphanumeric customers.

55. At the time of making its purchase, ABC stated to Motorola that it was relying upon Motorola to select the goods which would be best-suited to service its alphanumeric

8

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

customers.

56. At the time of making the sale to ABC, Motorola knew that ABC wanted to purchase goods that would service its alphanumeric customers, and that ABC was relying upon Motorola to sell such goods to ABC.

57. ABC relied upon Motorola's skill and judgment in selecting the products suitable for the purposes described above.

58. Motorola impliedly warranted that the products sold to ABC in March 1997 and installed in May 1997 were suitable for the purposes described above.

59. Motorola's products did not perform as represented in that the Motorola system failed to properly service ABC's alphanumeric customers, as described above.

60. As a result of Motorola's breach of warranty, ABC has suffered and will continue to suffer damages, including both incidental damages and consequential damages, including the loss of business, and loss of revenue as a result of the increased costs associated with outsourcing the provider for alphanumeric pager services.

WHEREFORE, ABC respectfully prays this Court enter judgment in its favor and against Motorola, and award ABC its damages, costs of this action, and such further relief as this Court deems just and proper.

HALL, DAVID AND JOSEPH, P.A., PENTHOUSE, 1428 BRICKELL AVENUE, MIAMI, FLORIDA 33131-3491 · TEL (305) 374-5030 · FAX (305) 374-5033

ATTACHMENT / EXHIBIT B2

(FRI) 9.15'00 15:18/ST. 15:18/NO. 4860175222 P 1

**Post-It™ brand fax transmittal memo 7671** | # of pages ▶ 12

| To: Susan Kane | From: M. Casper |
|---|---|
| Co. | Co. |
| Dept. | Phone # 6-4545 |
| Fax # 3-4348 | Fax # |

**Service of Process Transmittal Form**
Plantation, Florida

09/15/2000

Via Federal Express (2nd Day)

TO: Kathleen Massey 11th Floor
Motorola, Inc.
Law Department
1303 East Algonquin Road
Schaumburg, IL 60196
FAX: (847) 576-3628
EMAIL: AKM012@EMAIL.MOT.COM

RE: **PROCESS SERVED IN FLORIDA**

FOR: Motorola, Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: ABC Cellular Corporation, Pltf. vs Motorola, Inc., Dft.

2. DOCUMENT(S) SERVED: Summons, Complaint

3. COURT: Miami-Dade County Circuit Court, FL
   Case Number 00-24217-CA-13

4. NATURE OF ACTION: Breach of Express Warranty; failure of Dfts. product to properly service Pltfs. alphanumeric customers as represented by Dft., etc.

5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Plantation, Florida

6. DATE AND HOUR OF SERVICE: By Process server on 09/15/2000 at 10:35

7. APPEARANCE OR ANSWER DUE: Within 20 days

8. ATTORNEY(S): Allan A. Joseph
   (305) 374-5030
   1428 Brickell Avenue
   Penthouse
   Miami, FL 33131

9. REMARKS: This confirms our telephone call and fax (documents) to: Maryann of your office.

SIGNED: CT Corporation System
PER: Anne Boutilier /DM
ADDRESS: 1200 South Pine Island Road
Plantation, FL 33324
SOP WS 0003188767

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

(FRI) 9.15'00 15:19/ST. 15:18/NO. 4860175222 P 2

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA. ||||
|---|---|---|---|
| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person<br>(En Espanol al Dorso)    (Francis Au Verso) || CASE NUMBER:<br>00-24217 CA 13 |
| PLAINTIFF(S)<br>ABC CELLULAR CORPORATION | VS. | DEFENDANT(S)<br>MOTOROLA, INC. | CLOCK IN |

| To Defendant(s): | Address: |
|---|---|
| MOTOROLA, INC., by Serving its Registered Agent CT CORPORATION SYSTEM | 1200 SOUTH PINE ISLAND ROAD PLANTATION, FLORIDA 33324 |

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this circuit court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Miami-Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

Additional Court locations are printed on the back of this form.

You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

| Plaintiff/Plaintiff Attorney:<br>Allan A. Joseph, Esq.<br>HALL, DAVID AND JOSEPH, P.A. | Address:<br>1428 Brickell Avenue<br>Penthouse<br>Miami, Florida 33131<br>Telephone: (305) 374-5030; Facsimile (305) 374-5033 |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

*ABC Cellular Corp. vs. Motorola, Inc.*
Case No.:

Respectfully submitted,

HALL, DAVID AND JOSEPH, P.A.
Attorneys for Plaintiff
1428 Brickell Avenue
Penthouse
Miami, Florida 33131
Telephone: (305) 374-5030
Facsimile: (305) 374-5033

By: _____
ANDREW C. HALL
Florida Bar Number: 111480
ALLAN A. JOSEPH
Florida Bar Number: 893137

**DATED: September 7, 2000**

cpt7960h290.complaint

10

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

00-3743

CIV-SEITZ

MAGISTRATE JUDGE
GARBER

The US-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**
ABC Cellular Corporation, a Florida corporation

**DEFENDANTS**
Motorola, Inc., a foreign corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

A: Dade 1:00CV3743/PAS/BLG

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Allan A. Joseph, Esq.
Hall, David & Joseph, P.A.
Attorneys for Plaintiff
1428 Brickell Avenue, Penthouse
Miami, Florida 33131
Telephone: 305-374-5030

ATTORNEYS (IF KNOWN)
Peter Prieto, Esq.
Holland & Knight LLP
Attorneys for Defendant
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: 305-374-8500

## II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. GOVERNMENT NOT A PARTY)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff is suing defendant, a corporation incorporated and with its principal place of business in another state, for breach of warranties. 28 U.S.C. § 1332(a)(1)

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademarks | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## V. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ $150.00   829472
10/05/00

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

| VII. RELATED CASE(S) IF ANY | (See instructions): | Judge | Docket Number |
|---|---|---|---|

| Date | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/5/00 | *Peter Prieto* |

United States District Court